**GUARANTEE TITLE & TRUST COMPANY, Trustee,
Plaintiff-Appellant, v. ERNER & HOPKINS COMPANY,
Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4451.   Decided November 10, 1950.

Clarence M. Addison, Columbus, for plaintiff-appellant.

Henry L. Scarlett, George E. Landis, Columbus, for defendant-appellee.

Paul J. McNamara, George L. Breithaupt, Columbus, Amicus curiae.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment of the Common Pleas Court "finding on the **issues** joined for the defendant" and dismissing plaintiff's petition.   (Emphasis ours.)

The authority of the plaintiff is based on a trust instrument wherein it holds, as Trustee, the rights of George L. Gugle by the leases and assignments hereinafter discussed, wherein Gugle is a party.

As a part of the recitation in the bill of exceptions, it is stated:

"the Court found in favor of the defendant, and against the plaintiff, as appears from the written decision filed herein on the 7th day of January, 1950 and entered up judgment on said finding as appears from the entry filed herein on the 20th day of January, 1950."   (The judgment entry heretofore mentioned.)

The trial judge in his opinion held against the defendant

on the first and third defenses of the answer and with the defendant on the second defense predicated upon the 15-year statute of limitations. The first defense is the claim of a merger of the rights of Gugle and Gugle and associates with those of defendant and a termination of the building covenant of defendant of date May 31, 1929, and a general denial.

The third defense is estoppel by reason of failure of plaintiff and Gugle to urge its claim at the time of and subsequent to the dissolution of defendant corporation in March, 1932, and upon other facts set up in said defense.

The written opinion, treated as findings, formed the basis for a judgment accordingly but the judgment, as entered, was general in its terms and had the effect of a finding for the defendant upon all of the issues joined. To justify a reversal of the judgment we must say that no one of the defenses is supported by the record or that plaintiff has not made its case as against a general denial.

We are satisfied that the conclusion of the trial judge as to the first and third defenses of the answer is sound and without further comment we hold in accord therewith. The plaintiff has established its right to a judgment subject only to the bar set up in the second defense of the answer, the statute of limitations.

The trial judge was of opinion that, by the terms of the lease of April 30, 1923, from Gugle and others to Taylor, the lessee was to erect on the leased premises "a modern business building to cost not less than Thirty-five Thousand Dollars ($35,000.00) and that construction was to begin not later than November 1, 1925; that the time was not extended to erect the building described and that the action instituted in November, 1945, was barred by the statute of limitations.

Appellant asserts that it is suing on the covenant in the 99-year lease, Baker to Gugle and associates. By this covenant Gugle and associates, as lessees, were bound to erect within four years from April 1, 1916, "a fireproof building not less than four stories in height to cost not less than $35,000.00." Unless extended the right of lessor to enforce this covenant was subject on April 1, 1935, to the bar of the statute of limitations. The benefits of this covenant passed to Gugle who succeeded to the rights of the lessor, Baker, by assignment, of April 1, 1916.

The assignment of lease from Gugle and associates to The Erner & Hopkins Company of May 31, 1929, purported to pass only the title of Gugle and associates, as lessees, under the lease of April 1, 1916, Baker to Gugle and associates. The assignment expressly excepted the rights of the lessor.

Gugle, as the assignee of the lessor, Baker, had the right to enforce the covenant which defendant made with him and associates as lessees, in the aforesaid assignment of May 31, 1929, which provided, "and that it will observe, perform and comply with all of the terms, conditions and covenants contained in said 99-year lease." The 99-year lease spoken of is the lease from Baker to Gugle and associates, specifically referred to in the assignment, as the lease dated April 1, 1916. We readily agree that the promise of The Erner & Hopkins Co. will avoid the operation of the statute of limitations if that is the intendment of the covenant which it made. 37 C. J. S. 1098.

What were the applicable covenants in the Baker lease which The Erner & Hopkins Company agreed to perform? They were to erect a fireproof building of not less than four stories in height, at a cost of not less than $35,000.00 and to comply with this obligation within four years from the date of the lease, namely, by April 1, 1920. The Erner & Hopkins Company assumed to comply with the covenant just as it was written in the Baker lease. Manifestly, the covenant to perform within the time provided had been breached and The Erner & Hopkins Company assumed the status of Gugle and associates, who were liable upon any action to which Gugle might resort by reason of the breach.

There is an extender of the time provided in the Baker lease within which to build until November 12, 1930 in an agreement between Gugle and Gugle and associates, plaintiff's Exhibit 9, but it is not shown to have been recorded and actual knowledge of the defendant of its provisions is not shown.

We do not subscribe to the theory of the plaintiff, that under the assignment of May 31, 1929, The Erner & Hopkins Company covenanted to erect the building mentioned in the Baker lease within four years from the date of the assignment of the lease, viz., on or before May 31, 1948. Nor, can we agree that the five year extender of time within which to build in the instrument of November 7, 1925, The Erner & Hopkins Company to Gugle and associates and Taylor, had application to the covenant in the lease of April 1, 1916.

The language of the extender of time agreement of November 7, 1925, is substantially:

Whereas, lessee covenanted and agreed to and with lessors, their heirs and assigns, and all persons succeeding to their title * * *, that said lessee would within five years from November 12, 1920 make additions and improvements on and to the present building located on the premises herein demised, to cost not less than the sum of $35,000.00;

Whereas, it is desired by said lessors and lessee to further extend the period of time within which said additions and improvements may be made for a period of five years from November 12, 1925; * * * the period of time within which said additions and improvements on and to the present buildings located upon the premises above described may be constructed or made, shall be extended and continued for a further and additional period of five (5) years from the 12th day of November, 1925.

Counsel for appellant says in his brief, "In 1923, the syndicate executed a lease to Taylor, but that has no bearing on this case." In this lease Taylor, the lessee, did not covenant with Gugle and associates to "make additions and improvements on and to the present buildings." He covenanted to "erect on said premises a modern business building." It is urged in the brief amicus curiae that the language "additions and improvements on and to the present buildings" may be liberally construed to apply to the covenant of April 1, 1916, to erect a four-story, fireproof building. It is possible that such construction could be given to this language, if it clearly appeared that it referred to that covenant but Taylor, as lessee, did not at any time covenant to erect a four-story, fireproof building. There has been no suit to reform. The language in the extender, if it may be given reference to any covenant, must relate to that one appearing in the lease from Gugle and associates to Taylor, of April 30, 1923. There is disparity in the dates. No provision has been made in any of the covenants for a building to be erected five years from November 12, 1920, although the first lease of November 12, 1915, provided that the improvements were to be made within four years or on or before November 12, 1920. The building to be erected under the lease of April 1, 1916, was within four years from that date. The building to be erected under the lease of April 30, 1923, was to begin not later than November 1, 1925.

The right of Gugle to sue the Erner & Hopkins Company under the assignment of lease from Gugle and associates of May 31, 1929, was barred by the statute of limitations, possibly on April 1, 1935, but in any event, not later than May 31, 1944, therefore the action here instituted on November 7, 1945, was too late.

The second defense of the answer was proven.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.